UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

v.                                    CASE NO. 8:11-mc-99-T-27MAP

PAUL R. ST. JOHN,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is an action for judicial enforcement of an Internal Revenue Service Summonses pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).[1] To obtain judicial enforcement of an Internal Revenue Service summons, the government must show: (1) the IRS investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Medlin,* 986 F.2d 463, 466 (11th Cir. 1992). As it has done in this instance, the government can satisfy its minimal *Powell* burden simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts. *Medlin,* 986 F.2d at 466. Once the IRS makes this showing, the burden shifts to the party contesting the summons to disprove at least one of *Powell's* four elements. *Id.* Alternatively, the protesting party could convince the court that the judicial enforcement would constitute an abuse of the court's process. *Id.* In any event, the burden on the contesting party is a heavy one which requires allegations of specific facts and the

---

[1] This matter is referred to me pursuant to Local Rule 6.01(c)(11).

introduction of evidence. *United States v. Leventhal,* 961 F.2d 936, 940 (11th Cir. 1992).

In April 2011, the IRS issued two summonses directing the Respondent to appear on May 5, 2011, before Revenue Officer Bonnie Ragghianti to give testimony and provide records. More specifically, the first summons directed Respondent to give testimony and provide records pertaining to his financial accounts and interests for the period from October 1, 2010, through the date of compliance with the summons to assist in collection of Respondent's income tax liability for the years 1997, 1998, 1999, 2000, 2002, 2003, 2004, 2005, and 2006. The second summons directed Respondent to provide all documents and records he possessed or were in his control with respect to income he received for the years 2008, 2009, and 2010. Respondent appeared but failed to comply with either of the summonses by refusing to produce the requested records and refusing to answer the majority of the questions posed by Revenue Officer Ragghianti and instead invoking his Fifth Amendment right against self-incrimination. Consequently, the government filed the instant petition to enforce the summonses (doc. 1).

On September 27, 2011, I issued an order directing Respondent to appear before me on November 17, 2011, to demonstrate why he should not be compelled to comply with the summonses served upon him on April 21, 2011 (doc. 2). The show cause order also provided Respondent an opportunity to present any defense or opposition to the petition prior to the hearing. Following that, Respondent filed an incoherent response in which he sets forth such arguments as "all statutory regulations apply only to public servants and employees and I am not in receipt, nor seen any evidence I am a public servant" (doc. 4) and, further, that he is the "user of the legal entity, commonly known and described as PAUL RAYMOND ST JOHN ... and understand I am to

surrender the usufurct to the United States of America" (doc. 5).[2]

Here, the government clearly met its *Powell* requirements. Accordingly, the burden passed to Respondent to disprove one of *Powell's* four elements or convince the Court that enforcement of the summons would not constitute an abuse of the Court's process. Respondent failed to do so, however. Indeed, neither his response to the order to show cause or his representations at the hearing satisfied his burden. For example, at the hearing on this matter, Respondent refused to even identify himself by the name Paul R. St. John and asked the Court if he could "surrender the usufruct." None of the Respondent's arguments had merit. Respondent having offered no reasons why the summonses served upon him on April 21, 2011 should not be enforced, it is hereby

RECOMMENDED:

1. The petition to enforce the Internal Revenue Service Summonses (doc. 1) be GRANTED.

2. The Court enforce the Internal Revenue Service summonses served upon Respondent on April 21, 2011, and direct Respondent to appear before any person designated by the Internal Revenue service to comply with those summonses.

3. The Clerk's Office is directed to mail a copy of this Report and Recommendation to the Respondent in accordance with its standard procedures.

IT IS SO REPORTED on this 17th day of November, 2011.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[2] In addition, Respondent later filed a letter, affidavit, and verification (doc. 6) as well as a notice (doc. 7) essentially asserting the same incoherent arguments.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record
Respondent